1  Michael T. Hornak (SBN 81936)
mhornak@rutan.com
2  Michael D. Adams (SBN 185835)
madams@rutan.com
3  RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
4  Costa Mesa, California 92626-1931
Telephone: 714-641-5100
5  Facsimile: 714-546-9035

6  Attorneys for Plaintiff
AMERICAN AUTOMOBILE ASSOCIATION,
7  INC.

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  OAKLAND DIVISION

11  AMERICAN AUTOMOBILE                    CASE NO. C08-03969 EMC
ASSOCIATION, INC., a Connecticut
12  corporation,

13          Plaintiff,                      **COMPLAINT FOR:**

14      vs.                                 **1.  FEDERAL SERVICE MARK
                                                 INFRINGEMENT [15 U.S.C. §
                                                 1114(1)(a) AND (b)];**
15  TEMPLE MYRON EARLE, JR., an        **2.  FALSE DESIGNATION OF
individual doing business as AAA            ORIGIN [15 U.S.C. § 1125(a)];**
16  MICHAEL TILLES BAIL BOND          **3.  TRADE NAME OR SERVICE
SERVICE, an entity of unknown form;         MARK DILUTION [15 U.S.C. §
17  AAA MICHAEL TILLES BAIL BOND            1125(c)(1)];**
SERVICE, an entity of unknown form;    **4.  INJURY TO BUSINESS
18  and DOES 1 through 10, Inclusive,        REPUTATION AND DILUTION
                                            [CAL. BUS. & PROF. CODE §
19          Defendants.                     14330];**
                                       **5.  UNFAIR AND DECEPTIVE
20                                           TRADE PRACTICES [CAL. BUS.
                                            & PROF. CODE § 17000 *et seq.*];**
21                                           **AND**
                                       **6.  COMMON LAW UNFAIR
22                                           COMPETITION AND
                                            TRADEMARK INFRINGEMENT**

23

24
        Plaintiff American Automobile Association, Inc. (hereinafter "Plaintiff"), for
25
    its complaint against the above-named defendants, alleges as follows:
26
                        **JURISDICTION AND VENUE**
27
        1.      This Court has jurisdiction under 28 U.S.C. section 1338(a) as this
28

1  action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and

2  1125(c)(1) as well as under pendent jurisdiction under 28 U.S.C. section 1367.

3      2.      This Court also has jurisdiction under 28 U.S.C. section 1332 because

4  Plaintiff and defendants are citizens of different states, and the matter in controversy

5  exceeds $75,000, exclusive of interest and costs.

6      3.      Venue is proper in the Northern District of California under 28 U.S.C.

7  section 1391(b) and (c) because defendants reside in this judicial district, a

8  substantial part of the events, omissions and acts that are the subject matter of this

9  action occurred within the Northern District of California, and defendants are

10  subject to personal jurisdiction and may be found in this district.

11                                    **PARTIES**

12      4.      Plaintiff is a corporation organized and existing under the laws of the

13  State of Connecticut, located and doing business at 1000 AAA Drive, Heathrow,

14  Florida.

15      5.      On information and belief, defendant Temple Myron Earle, Jr.

16  ("Earle") is an individual residing in this judicial district and doing business as AAA

17  Michael Tilles Bail Bond Service.

18      6.      On information and belief, defendant AAA Michael Tilles Bail Bond

19  Service is an entity of unknown form doing business in this judicial district at 871

20  Emerald Avenue, San Leandro, CA  94577.

21      7.      On information and belief, Plaintiff alleges that each of the defendants

22  named herein as Does 1 through 10, inclusive, performed, participated in, or abetted

23  in some manner, the acts alleged herein, proximately caused the damages alleged

24  below, and are liable to Plaintiff for the damages and relief sought herein.

25      8.      On information and belief, Plaintiff alleges that, in performing the acts

26  and omissions alleged herein, and at all times relevant hereto, each of the defendants

27  was the agent and employee of each of the other defendants and was at all times

28  acting within the course and scope of such agency and employment with the

Rutan & Tucker LLP
attorneys at law

2314/017601-0037
948225.01 a08/18/08

-2-
COMPLAINT

1 | knowledge and approval of each of the other defendants.

2 |     9.    The identities of the individuals and entities named as Doe defendants
3 | herein are not presently known, but Plaintiff will seek to amend the Complaint to
4 | properly identify them when their proper names have been ascertained.

5 | **NATURE OF THE CASE**

6 |     10.    Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs
7 | against defendants for service mark infringement under 15 U.S.C. section
8 | 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C.
9 | section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business
10 | reputation and dilution under California Business and Professions Code section
11 | 14330; unfair and deceptive trade practices under California Business and
12 | Professions Code sections 17000 *et seq*.; and common law palming off, trademark
13 | and trade name infringement, and unfair competition.

14 | **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

15 |     11.    Plaintiff is the owner of the famous AAA mark, U.S. service mark
16 | registration No. 829,265, used in connection with a number of services, including
17 | but not limited to providing bail bonds. A copy of this registration is attached hereto
18 | as Exhibit A.

19 |     12.    Plaintiff is the owner of numerous other famous registered trademarks
20 | incorporating the AAA mark in the United States and throughout the world.

21 |     13.    Plaintiff has been providing services under the AAA mark of
22 | Registration No. 829,265 for more than 100 years.

23 |     14.    Plaintiff, by virtue of the services offered under its AAA marks, is
24 | recognized throughout the world as a provider of motor vehicle services, including
25 | emergency road services.

26 |     15.    On information and belief, at all relevant times hereto, defendants have
27 | been and are in business using the AAA marks providing bail bonds. On
28 | information and belief, defendants use the AAA marks in conducting and promoting

Rotan & Tucker LLP
attorneys at law

1  their business, including, without limitation, by prominently displaying trade names
2  incorporating the AAA marks on their business premises, in their signage, in their
3  stationery, in telephone and online directory listings, and in various other marketing
4  materials.

5      16.    Defendants have never been authorized to use the AAA marks in
6  connection with their goods or services, nor have defendants been affiliated with
7  Plaintiff.

8      17.    Plaintiff sent a cease-and-desist letter to defendants on July 23, 2008,
9  giving notice of Plaintiff's ownership of federally registered service marks and
10  demanding that defendants immediately cease and desist from all uses of the AAA
11  marks in connection with their goods and services.  Defendants did not respond to
12  the letter.

13     18.    Plaintiff's counsel also called defendants by telephone on or about July
14  30, 2008, and left a voicemail message asking Earle to return the phone call.  The
15  phone call went unreturned.

16                          **FIRST CLAIM FOR RELIEF**

17        **(Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b))**

18     19.    Plaintiff repeats and incorporates herein by reference each and every
19  allegation contained in Paragraphs 1 through 18 above, inclusive, as though fully set
20  forth herein.

21     20.    Plaintiff is the owner of a number of federal trademark and service
22  mark registrations that incorporate the AAA marks and specifically asserts
23  ownership of the following:

| Registration No. | Mark | Date of Registration |
|---|---|---|
| 829,265 | AAA | May 23, 1967 |

26     21.    Plaintiff first used the AAA mark of registration No. 829,265 in
27  connection with providing bail bonds at least as early as 1916 and has continued and
28  expanded use thereof up to the present.  Thus, long before the acts complained of

1 herein, members of the general consumer population in the United States and across
2 the world have recognized the AAA mark as an exclusive source identifier for bail
3 bonds originating from Plaintiff.  The registration for the AAA mark is incontestable
4 under section 15 of the Lanham Act, 15 U.S.C. section 1065, and it constitutes
5 conclusive evidence of Plaintiff's exclusive right to use the AAA mark in
6 connection with emergency road service.

7      22.    Plaintiff's registered service mark identified above is valid and
8 subsisting and remains in full force and effect as evidence of the validity thereof and
9 Plaintiff's ownership of the mark in connection with the services specified in the
10 registration.

11      23.    As a result of the long period of use and extensive advertisement and
12 sale of services under the AAA mark, members of the general consumer population
13 in the United States and across the world recognize the AAA marks as exclusive
14 source identifiers for bail bonds originating from Plaintiff.

15      24.    Defendants' use of the AAA mark in interstate commerce in connection
16 with their goods and services is causing and will continue to cause a likelihood of
17 confusion, mistake, and deception with respect to: (a) the source and origin of the
18 goods and services offered by defendants; (b) the affiliation, connection, and
19 association of Plaintiff with defendants; and (c) Plaintiff's sponsorship, approval,
20 and/or control of the goods and services offered by defendants, all in violation of the
21 Lanham Act, 15 U.S.C. section 1114(1)(a) and (b).

22      25.    On information and belief, defendants are now committing the acts
23 complained of above and have continued to do so in defiance of Plaintiff's requests
24 that they cease such acts.

25      26.    Defendants' acts and conduct constitute federal service mark
26 infringement that has caused and, unless restrained and enjoined by this Court, will
27 continue to cause a likelihood of consumer confusion, mistake, and deception.

28      27.    On information and belief, defendants' acts of service mark

Rutan & Tucker LLP
attorneys at law

2314/017601-0037
948225.01 a08/18/08
-5-
COMPLAINT

1 | infringement in violation of the Lanham Act have caused financial injury and
2 | damages to Plaintiff and have been willful, making this an exceptional case within
3 | the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff
4 | to damages, attorneys' fees, and costs.

5 |     28.    Plaintiff is entitled to damages as a result of defendants' actions and
6 | conduct and, because such damages alone do not provide Plaintiff with an adequate
7 | remedy at law, Plaintiff is also entitled to injunctive relief.

8 | **SECOND CLAIM FOR RELIEF**

9 | **(Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))**

10 |     29.    Plaintiff repeats and incorporates herein by reference each and every
11 | allegation contained in Paragraphs 1 through 28 above, inclusive, as though fully set
12 | forth herein.

13 |     30.    Defendants, either independently or through collaboration with one
14 | another, are using the AAA mark in connection with their goods and services.

15 |     31.    On information and belief, defendants use the AAA mark in commerce,
16 | which use has been done with the deliberate intent of capitalizing and trading on the
17 | good will and reputation of Plaintiff.

18 |     32.    The use in commerce of the AAA mark by defendants will tend to
19 | cause and, on information and belief, has caused the relevant public and trade to
20 | believe erroneously that defendants' services are associated, authorized, sponsored,
21 | or controlled by Plaintiff.

22 |     33.    Defendants' use in commerce of the AAA mark in connection with
23 | their goods and services constitutes a false designation of the origin and/or
24 | sponsorship of such goods and services and falsely describes and represents such
25 | goods and services.

26 |     34.    By their acts as alleged herein, defendants have falsely designated and
27 | represented goods and services sold in commerce in violation of 15 U.S.C. section
28 | 1125(a) and have otherwise used the good will of Plaintiff to sell defendants' own

Rutan & Tucker LLP
*attorneys at law*

1   goods and services and have otherwise competed unfairly with Plaintiff.

2       35.    On information and belief, defendants are now committing the acts
3   complained of above and have continued to do so in defiance of Plaintiff's request
4   that they cease such acts.

5       36.    Defendants, after due notice, have displayed a willful course of conduct
6   toward appropriation and destruction of Plaintiff's rights in and to the AAA mark.

7       37.    Defendants' wrongful acts and conduct as alleged herein have
8   permitted or will permit them to generate substantial sales and profits on the
9   strength of Plaintiff's substantial advertising, sales, consumer recognition, and good
10  will in connection with the AAA mark.

11      38.    As a result of defendants' wrongful acts alleged herein, Plaintiff has
12  suffered and will continue to suffer monetary damage in an amount not thus far
13  determined.

14      39.    On information and belief, defendants' acts of unfair competition by
15  false designation of origin in violation of the Lanham Act have caused financial
16  injury and damages to Plaintiff and have been willful, making this an exceptional
17  case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby
18  entitling Plaintiff to damages, attorneys' fees, and costs.

19      40.    Defendants' acts and conduct constitute unfair competition that has
20  caused and, unless restrained and enjoined by this Court, will continue to cause
21  irreparable harm, damage, and injury to Plaintiff's good will and business
22  reputation.

23      41.    Plaintiff is entitled to damages as a result of defendants' actions and
24  conduct and, because such damages alone do not provide Plaintiff with an adequate
25  remedy at law, Plaintiff is entitled to injunctive relief.

26                        **THIRD CLAIM FOR RELIEF**

27        **(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))**

28      42.    Plaintiff repeats and incorporates herein by reference each and every

1 allegation contained in Paragraphs 1 through 41 above, inclusive, as though fully set
2 forth herein.

3    43.    Plaintiff's AAA mark was used in commerce long before defendants'
4 adoption and use of the AAA mark in connection with their goods and services.

5    44.    Plaintiff's AAA mark has become famous because of long, extensive,
6 continuous, and exclusive use by Plaintiff in connection with providing bail bonds,
7 such fame occurring long before defendants' adoption and use of the AAA mark in
8 connection with their goods and services.

9    45.    Defendants use the AAA mark in promoting their goods and services in
10 the same trade areas and channels of trade in which Plaintiff's AAA mark is
11 recognized and famous.

12    46.    On information and belief, defendants' use of the AAA marks has
13 lessened the capacity of Plaintiff's famous AAA trade name and service marks to
14 identify and distinguish Plaintiff's goods and services.

15    47.    Defendants' acts and conduct as alleged herein have tarnished the
16 reputation and recognition of Plaintiff's famous AAA trade name and service marks
17 by the low quality of defendants' goods and services.

18    48.    On information and belief, defendants' acts of trade name or service
19 mark dilution in violation of the Lanham Act have caused financial injury and
20 damages to Plaintiff and have been willful, making this an exceptional case within
21 the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Plaintiff
22 to damages, attorneys' fees, and costs.

23    49.    Plaintiff has no adequate remedy at law and is being irreparably
24 damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c).
25 Therefore, Plaintiff is entitled to injunctive relief.

26                **FOURTH CLAIM FOR RELIEF**
27           **(Injury to Business Reputation and Dilution –**
28               **Cal. Bus. & Prof. Code § 14330)**

Rutan & Tucker LLP
attorneys at law

2314/017601-0037                    -8-
948225.01 a08/18/08              COMPLAINT

1    50.   Plaintiff repeats and incorporates herein by reference each and every
2 allegation contained in Paragraphs 1 through 49 above, inclusive, as though fully set
3 forth herein.

4    51.   Plaintiff is the owner of a mark that is distinctive and famous in the
5 State of California.

6    52.   On information and belief, defendants have used and continue to use
7 the famous AAA mark after the mark became famous, which use dilutes the
8 distinctive quality of Plaintiff's mark.

9    53.   On information and belief, defendants' actions described herein were
10 taken and continue to be taken with full knowledge that such actions would and do
11 dilute the AAA mark and with the intention to cause dilution of the mark.

12    54.   As a result of the actions described herein, defendants have caused, and
13 unless restrained and enjoined by this Court, will continue to cause irreparable harm,
14 damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good
15 will and business reputation.

16    55.   Plaintiff has no adequate remedy at law and is being irreparably
17 damaged by defendants' acts in violation of California Business & Professions Code
18 section 14330.

19                        **FIFTH CLAIM FOR RELIEF**

20                   **(Unfair and Deceptive Trade Practices –**

21                 **Cal. Bus. & Prof. Code § 17000 *et seq.*)**

22    56.   Plaintiff repeats and incorporates herein by reference each and every
23 allegation contained in Paragraphs 1 through 55 above, inclusive, as though fully set
24 forth herein.

25    57.   The acts and practices of defendants as alleged herein violate the
26 California Uniform Unfair and Deceptive Trade Practices Act, California Business
27 & Professions Code section 17000 *et seq.*, because (a) the actions and conduct of
28 defendants cause a likelihood of consumer confusion or misunderstanding as to the

Rutan & Tucker LLP
attorneys at law

2314/017601-0037                           -9-
948225.01 a08/18/08                        COMPLAINT

1  source, sponsorship, approval, or certification of services, (b) the actions and

2  conduct of defendants cause a likelihood of consumer confusion or

3  misunderstanding as to affiliation, connection, or association with or certification by

4  another, and (c) the actions and conduct of defendants create other likelihood of

5  consumer confusion or misunderstanding.

6      58.    The acts and practices of defendants as alleged herein significantly

7  threaten or harm consumers.

8      59.    Defendants' acts have caused damage to Plaintiff, including incidental

9  and general damages, lost profits, and out-of-pocket expenses.

10      60.    Defendants have profited and in the future will profit unjustly from

11  their unjust business practices. Accordingly, pursuant to Business and Professions

12  Code section 17203, Plaintiff seeks an award representing the amount of ill-gotten

13  gains that must be disgorged by defendants. Defendants should therefore be

14  required to disgorge and restore to Plaintiff all profits and other expenses as may be

15  incurred by Plaintiff.

16      61.    As a result of the acts alleged herein, defendants have caused, and

17  unless restrained and enjoined by this Court, will continue to cause irreparable harm,

18  damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good

19  will and business reputation. Plaintiff therefore has no adequate remedy at law and

20  is also entitled to injunctive relief.

21                    **SIXTH CLAIM FOR RELIEF**

22      **(Common Law Palming Off, Trade Name and Trademark Infringement,**

23                    **and Unfair Competition)**

24      62.    Plaintiff repeats and incorporates herein by reference each and every

25  allegation contained in Paragraphs 1 through 61 above, inclusive, as though fully set

26  forth herein.

27      63.    Defendants' actions and conduct as alleged herein constitute palming

28  off their services as Plaintiff's services offered under the famous AAA mark.

Rutan & Tucker LLP
attorneys at law

1      64.   Such actions and conduct by defendants constitute unfair competition
2  under California common law.

3      65.   Defendants' actions and conduct in adopting and using the AAA mark
4  in California constitute trademark infringement under California common law.

5      66.   Defendants have caused and, unless restrained and enjoined by this
6  Court, will continue to cause irreparable harm, damage, and injury to Plaintiff,
7  including but not limited to injury to Plaintiff's good will and business reputation.

8      67.   Plaintiff has no adequate remedy at law, and Plaintiff is being
9  irreparably damaged by defendants' acts in violation of California common law,
10 entitling Plaintiff to injunctive relief.

11     68.   Defendants' actions and conduct as alleged herein are malicious and
12 fraudulent and entitle Plaintiff to punitive damages under Civil Code section 3294.

13 **PRAYER FOR RELIEF**

14     WHEREFORE, Plaintiff prays for an order and judgment against defendants,
15 and each of them, as follows:

16     1.   That defendants, and each of them, their officers, directors, partners,
17 agents, servants, employees, attorneys, confederates, and all persons acting for,
18 with, by, through or under them, and any others within their control or supervision,
19 and all others in active concert or participation with the above, be enjoined during
20 the pendency of this action and permanently thereafter from using the designation
21 "AAA" or any other name or mark incorporating Plaintiff's service marks, either
22 alone or in combination with other words or symbols, in the marketing, sales,
23 distribution, promotion, advertising, identification, or in any other manner in
24 connection with providing bail bonds and other related services at any locality in the
25 United States;

26     2.   That defendants, and each of them, their officers, directors, partners,
27 agents, servants, employees, attorneys, confederates, and all persons acting for,
28 with, by, through or under them, and any others within their control or supervision,

1  and all others in active concert or participation with the above, be enjoined during
2  the pendency of this action and permanently thereafter from using the designation
3  "AAA" or any other name or mark incorporating Plaintiff's service marks in any
4  form or manner that would tend to identify or associate defendants' businesses or
5  services with Plaintiff in the marketing, sale, distribution, promotion, advertising,
6  identification, or in any other manner in connection with any business;

7      3.      That defendants, and each of them, their officers, directors, partners,
8  agents, servants, employees, attorneys, confederates, and all persons acting for,
9  with, by, through or under them, and any others within their control or supervision,
10  and all others in active concert or participation with the above, be enjoined during
11  the pendency of this action and permanently thereafter from referring to their
12  businesses as "triple A" (either orally or in writing) in the marketing, sale,
13  distribution, promotion, advertising, identification, or in any other manner in
14  connection with any business;

15      4.      That defendants, and each of them, their officers, directors, partners,
16  agents, servants, employees, attorneys, confederates, and all persons acting for,
17  with, by, through or under them, and any others within their control or supervision,
18  and all others in active concert or participation with the above, be enjoined during
19  the pendency of this action and permanently thereafter from representing to anyone
20  (either orally or in writing) that their businesses are affiliated with Plaintiff in any
21  way or is an AAA agent or contractor unless their businesses are approved by
22  Plaintiff to be an AAA agent or contractor;

23      5.      For an order requiring defendants to deliver to Plaintiff's attorney
24  within thirty (30) days after the entry of any preliminary or permanent injunction, to
25  be impounded or destroyed by Plaintiff, all literature, signs, labels, prints, packages,
26  wrappers, containers, advertising materials, stationery, and any other items in their
27  possession or control that contain the infringing designation "AAA" or any other
28  name or mark incorporating Plaintiff's service marks, either alone or in combination

Rutan & Tucker LLP
attorneys at law

2314/017601-0037                                    -12-
948225.01 a08/18/08                              COMPLAINT

1  with other words and symbols;

2      6.    For an order requiring defendants to remove from their business
3  premises within thirty (30) days after the entry of any preliminary or permanent
4  injunction, all instances of the "AAA" designation, and to destroy all molds, plates,
5  masters, or means of creating the infringing items;

6      7.    For an order requiring defendants to instruct, within thirty (30) days
7  after the entry of any preliminary or permanent injunction, any print directory,
8  Internet directory, or website that they have caused to carry the AAA mark,
9  including, without limitation, any reference to their fictitious business names
10 containing the "AAA" designation or other infringing designation, to cease using
11 such names at the earliest possible date;

12     8.    For an order requiring defendants to cancel all fictitious name
13 registrations and licenses of any type that consist of or were issued to an entity with
14 the "AAA" designation in its name;

15     9.    For an order requiring defendants: (1) to relinquish any Internet domain
16 names in their possession that contain the "AAA" mark and transfer rights to such
17 domain names to Plaintiff; and (2) to refrain from using any other Internet domain
18 name that incorporates the "AAA" mark;

19     10.   For an order requiring defendants to file with the Clerk of this Court
20 and serve Plaintiff, within thirty (30) days after the entry of any preliminary or
21 permanent injunction, a report in writing, under oath, setting forth in detail the
22 manner and form in which defendants have complied with 1 through 9 above;

23     11.   For an order requiring defendants to account for all profits made by
24 defendants and to hold all such profits in constructive trust for the benefit of
25 Plaintiff;

26     12.   For an award of defendants' profits and Plaintiff's damages in an
27 amount not yet ascertained but believed to exceed $500,000;

28     13.   For an award of three times Plaintiff's damages or defendants' profits

Rutan & Tucker LLP
attorneys at law

2314/017601-0037                                    -13-
948225.01 a08/18/08                            COMPLAINT

1  in view of the intentional and willful nature of defendants' acts, pursuant to 15

2  U.S.C. section 1117;

3      14.    For an award of punitive damages according to proof;

4      15.    For an award of reasonable attorneys' fees under 15 U.S.C.

5  section 1117;

6      16.    For an award of pre- and post-judgment interest at the highest rate

7  allowed by law;

8      17.    For an award of costs and disbursements incurred in this action; and

9      18.    For such further relief as this Court shall deem just and proper.

10

11  Dated: August 18, 2008                    RUTAN & TUCKER, LLP
                                              MICHAEL T. HORNAK
12                                            MICHAEL ADAMS

13                                            By:

14                                            Michael Adams
                                              Attorneys for Plaintiff
15                                            AMERICAN AUTOMOBILE
                                              ASSOCIATION, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law

2314/017601-0037                              -14-
948225.01 a08/18/08                        COMPLAINT

EXHIBIT 1

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Aug 15 04:06:43 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

**Word Mark**  AAA

**Goods and Services**  IC 042. US 100. G & S: AUTOMOBILE ASSOCIATION SERVICES RENDERED TO MOTOR VEHICLE OWNERS, MOTORISTS, AND TRAVELERS GENERALLY-NAMELY, OBTAINING MOTOR VEHICLE LICENSE PLATES AND TITLE CERTIFICATES; SPONSORING SCHOOL SAFETY PATROLS; ADVOCATING LEGISLATION FAVORABLE TO SAFE AND ECONOMICAL MOTOR VEHICLE TRAVEL, OPERATION, AND MAINTENANCE; CONDUCTING MOTOR VEHICLE TESTS AND MAKING TESTS OF AUTOMOTIVE AND RELATED PRODUCTS; AND RATING TOURIST ACCOMMODATIONS. FIRST USE: 19030000. FIRST USE IN COMMERCE: 19030000

IC 035. US 101. G & S: ARRANGING FOR DISCOUNT PURCHASES; COLLECTING DAMAGE CLAIMS; OFFERING REWARDS FOR INFORMATION LEADING TO ARREST AND CONVICTION OF PERSONS STEALING MEMBERS' AUTOMOBILES; AND PLACING INSURANCE WITH UNDERWRITERS. FIRST USE: 19160000. FIRST USE IN COMMERCE: 19160000

IC 036. US 102. G & S: PROVIDING BAIL BOND. FIRST USE: 19160000. FIRST USE IN COMMERCE: 19160000

IC 037. US 103. G & S: PROVIDING EMERGENCY ROAD SERVICE. FIRST USE: 19160000. FIRST USE IN COMMERCE: 19160000

IC 039. US 105. G & S: DISSEMINATING TRAVEL INFORMATION AND MAKING TRAVEL ARRANGEMENTS. FIRST USE: 19020000. FIRST USE IN COMMERCE: 19020000

IC 041. US 107. G & S: TEACHING MOTOR VEHICLE OPERATION; CONDUCTING TRAFFIC AND PEDESTRIAN SAFETY CAMPAIGNS; AND GIVING TRAFFIC SAFETY LESSONS. FIRST USE: 19240000. FIRST USE IN COMMERCE: 19240000

**Mark Drawing Code**  (1) TYPED DRAWING

**Serial Number**  72230991

**Filing Date**  October 22, 1965

**Current Filing Basis**  1A

EXHIBIT ___/___ PAGE 5

| | |
|---|---|
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 7, 1967 |
| **Registration Number** | 0829265 |
| **Registration Date** | May 23, 1967 |
| **Owner** | (REGISTRANT) AMERICAN AUTOMOBILE ASSOCIATION, INC. CORPORATION CONNECTICUT 1000 AAA DRIVE HEATHROW FLORIDA 32746 |
| **Attorney of Record** | LAWRENCE E. LAUBSCHER, JR. |
| **Prior Registrations** | 0547321,0703556 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECTION 8(10-YR) 20061121. |
| **Renewal** | 2ND RENEWAL 20061121 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |
|---|---|---|---|---|---|---|---|

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT ____/ PAGE __k__